Minsharl, J.
I concur in the judgment that tne act is invalid on the ground stated in the opinion; and, for the further reason, that it is not competent to the legislature to enact a statute by which it is directed that a certain road shall be laid out and improved in a specified manner, and the cost assessed-upon the abutting property holders, without any discretion in the local authorities, or desire on the part of those to be assessed. An 'act of this kind is not properly a law; it is an order made in the exercise of a power, that is not legislative in character. It belongs under our system of government to administrative officers, such as township trustees, county commissioners, and officers and boards possessing similar functions. It is competent to the legislature to confer the power; but to confer the power is one thing, and, upon its own motion, to proceed and declare that a certain highway shall be laid out and improved according to plans and specifications of its own, is a different thing. It is a usurpation of power not conferred on the legislature, and cannot be checked too soon. An improvement of this kind should not be ordered until after the fullest consideration of its necessity, its cost, and the ability of those who are to be assessed to sustain the burden. Such consideration can only be had before the proper local authorities on a fair opportunity^ being given to those interested to be heard. A statute that does not afford this opportunity^, deprives the citizen of his property without due process of law, and is therefore void. Whilst *662 the courts confess their inability to define with comprehensive accuracy, the meaning of the phrase “due process of law,” yet it is agreed that it means, “such an exercise of the powers of government as the settled maxims of the law permit and sanction, and under such safeguards of individual rights as those maxims prescribe for the class of cases to which the one in question belongs. ” Cooleys Con. Rim. 434. And among those settled maxims none is more firmly established than, that which requires notice to the party whose property is to be affected in a case like this, and a chance to be heard upon the justice and necessity of the measure. No such notice is required by the act in question to any of the abutting property holders, nor is any chance given them to beheard in opposition to the improvement, and the large assessments that must be made upon their property to pay for the same. Certainly there can be no constitutional authority for the enactment of such a law.
Burket, J., concurs in this opinion.